**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    KALIFAH E.D. SAIF'ULLAH                    No. C 12-6507 EMC (pr)
     a/k/a FERNANDO JACKSON
9    (CDCR # C-14257),

10              Petitioner,                      **ORDER TO SHOW CAUSE**

11        v.

12   KEVIN CHAPPELL, Warden,

13              Respondent.
     _____/
14

15

16                               **INTRODUCTION**

17        Petitioner, an inmate at San Quentin State Prison, filed this *pro se* action seeking a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the court for review

19   pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United

     States District Courts.

20                               **BACKGROUND**

21        The petition and attachments thereto provide the following information: Petitioner was

22   convicted in Los Angeles County Superior Court of kidnapping for ransom and was sentenced on

23   March 7, 1980 to life imprisonment with the possibility of parole.  His petition does not challenge

24   the conviction or sentence imposed and instead challenges the decision of the Board of Parole

25   Hearings ("BPH") to deny him parole at an August 26, 2011 parole suitability hearing.  Petitioner

26   alleges that he filed unsuccessful habeas petitions in the California courts before he filed this action.

27

28

**United States District Court**
For the Northern District of California

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges three claims: (1) Petitioner was denied his right to due process because he was denied parole without a preponderance of the evidence showing that he is a current dangerous threat to society, Docket # 1, p. 6; (2) application of Marsy's Law by the BPH to give Petitioner a 7-year parole denial (i.e., to deny parole and set the next suitability hearing for 7 years later) violated his rights under the Ex Post Facto Clause because Marsy's Law was enacted after his crimes were committed, *id.* at 8; and (3) Petitioner's continued incarceration past his maximum sentence under the matrix in the regulations amounts to involuntary servitude prohibited by the Thirteenth and Fourteenth Amendments, *id.* at 9-12.

The first claim must be dismissed. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted.) Federal habeas relief is not available for state law errors. *See id.* For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *See Cooke*, 131 S. Ct. at 862. The Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," *id.*, and the Ninth Circuit erred in

1  holding otherwise.   In light of the Supreme Court's determination that the constitutionally-

2  mandated procedural protections do not include a requirement that the parole denial decision be

3  supported by some evidence (or any other quantum of evidence), Petitioner's first claim that

4  challenges the sufficiency of the evidence is dismissed without leave to amend.  A California

5  prisoner simply has no federally protected right to have any particular quantum of evidence support

6  the BPH's decision.

7      Petitioner's second claim is that the seven year parole denial violated his right to be free from

8  ex post facto laws.  Giving the *pro se* petition the liberal construction to which it is entitled, the

9  court cannot say that the claim is patently frivolous and therefore will require respondent to respond

10  to it. *See Gilman v. Schwarzenegger*, 638 F.3d 1101, 1108-11 (9th Cir. 2011) (§ 1983 class action

11  plaintiffs could not succeed on the merits of their ex post facto challenge to Proposition 9 unless

12  (1) Proposition 9, on its face, created a significant risk of increasing the punishment of California

13  life-term inmates, or (2) the plaintiffs demonstrate, by evidence drawn from Proposition 9's practical

14  implementation, that its retroactive application will result in a longer period of incarceration than

15  under the prior law); *but see In re Vicks on Habeas Corpus*, 2013 WL 781496, 13 Cal. Daily Op.

16  Serv. 2316 (Cal. S. Ct. Mar. 4, 2013) (rejecting ex post facto challenge to Marsy's Law provision).

17      Petitioner's third claim, i.e., that he is being subjected to involuntary servitude because he is

18  beyond the end of his maximum term, is dismissed as frivolous.  The Thirteenth Amendment

19  prohibits slavery and involuntary servitude, "except as a punishment for crime whereof the party

20  shall have been duly convicted."  U.S. Const. amend. XIII.  Petitioner was sentenced to *life* in prison

21  with the possibility of parole.  He therefore may be kept in prison for the rest of his life without

22  exceeding the maximum permissible length of his sentence.  The Thirteenth Amendment does not

23  prohibit Petitioner's incarceration because that incarceration is "a punishment for crime" of which he

24  was "duly convicted."   *Id.*

### CONCLUSION

25
26      For the foregoing reasons,

27      1.      The Ex Post Facto Clause claim warrants a response.  All other claims are dismissed.

28

2.      The clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.      Respondent must file and serve upon petitioner, on or before **May 31, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court or parole proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 28, 2013**.  Petitioner's traverse, including the memorandum of points and authorities, may not exceed 20 pages in length.

5.      Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6.      Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7.      Petitioner's *in forma pauperis* application is GRANTED.  (Docket # 2.)

IT IS SO ORDERED.

Dated:  March 22, 2013

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KHALIFAH SAIFULLAH,

        Plaintiff,

   v.

KEVIN CHAPELL et al,

        Defendant.
_____/

Case Number: CV12-06507 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 22, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Khalifah E.D. Saif'ullah C-014257
San Quentin State Prison
San Quentin, CA 94974

Dated: March 22, 2013

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

United States District Court
For the Northern District of California

5